UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION 25-10309-RGS

ANTHONY M. WEERESINGHE
CINDY T. WEERESINGHE

v.

SELECT PORTFOLIO SERVICING;
WILMINGTON SAVINGS FUND SOCIETY,
FSB, NOT IN ITS INDIVIDUAL CAPACITY
BUT SOLELY AS TRUSTEE OF STARWOOD
MORTGAGE RESIDENTIAL TRUST 2021-3

ORDER ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

December 7, 2025

STEARNS, D.J.

Plaintiffs Anthony M. Weeresinghe and Cindy T. Weeresinghe (Borrowers), brought this lawsuit in Middlesex Superior Court to prevent a foreclosure on their home located at 90 Suffolk Road, Chestnut Hill, Massachusetts. The Weeresinghes claim that defendants' notices of default dated May 28, 2024, and the acceleration notice dated December 9, 2024, breach the parties' mortgage contract and are in violation of Mass. Gen. Laws ch. 183, § 21. Defendants removed the case to the federal district court asserting diversity jurisdiction and now move for summary judgment

claiming that the notices strictly comply with the terms of the mortgage and Massachusetts Supreme Judicial Court precedent.

## BACKGROUND

On or about March 5, 2021, Anthony M. Weeresinghe executed a Fixed/Adjustable Rate Note payable to Luxury Mortgage Corp. in the original principal amount of $2,170,000.00. Compl. ¶ 12; Affidavit of Select Portfolio Servicing, Inc. (SPS Aff.) ¶ 8 & Ex. 2. To secure the obligations under the Note, Anthony Weeresinghe and Cindy Weeresinghe granted a mortgage dated March 5, 2021, in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Luxury Mortgage Corp. and its successors and assigns. The Mortgage was recorded with the Middlesex South Registry of Deeds on March 11, 2021, in Book 77194, Page 470. Compl. ¶ 12; SPS Aff. ¶ 9 & Ex. 3; Declaration of Megan E. Ryan, Esq. (Ryan Decl.) ¶ 4(a) & Ex. 1.

Because plaintiffs have failed to oppose the dispositive motion, the court adopts defendants' Statement of Material Facts. See Fed. R. Civ. P. 56 (e). Paragraph 12 of the Mortgage states:

> 12. Borrower Not Released; Forbearance By Lender Not a Waiver.
> Extension of the time for payment or modification of amortization of the sums secured by this Security Instruments granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in

> Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payment s from third person, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

SPS Aff. ¶ 9 & Ex. 3; Ryan Decl. ¶ 4(a) & Ex. 1.

Paragraph 19 of the Mortgage states in relevant part:

> 19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument.

Compl. ¶ 19; SPS Aff. ¶ 9 & Ex. 3; Ryan Decl. ¶ 4(a) & Ex. 1.

Paragraph 22 of the Mortgage states in relevant part:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 17 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action

to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale.

Compl. ¶ 13; SPS Aff. ¶ 9 & Ex. 3; Ryan Decl. ¶ 4(a) & Ex. 1.

The Trust is the mortgagee of record of the Mortgage. Compl. ¶ 15; Ryan Decl. ¶ 4(b) & Ex. 2. SPS is the current Loan servicer for the Trust. SPS Aff. ¶ 11. Plaintiffs defaulted on the Loan on or about January 1, 2022. SPS Aff. ¶ 12 & Ex. 5. On November 18, 2022, SPS sent the Borrowers a 90-Day Right to Cure Your Mortgage Default. Compl. ¶ 16; SPS Aff. ¶ 12 & Ex. 5. The Borrowers cured the default on or about February 27, 2024. (Compl. ¶ 18; SPS Aff. ¶ 13 & Ex. 6.

The Borrowers again defaulted on the Loan on April 1, 2024. *See* SPS Aff. ¶ ¶14- 15 & Ex. 7. On May 28, 2024, SPS sent the Borrowers a 90-Day Right to Cure Your Mortgage Default (Hybrid Notice). SPS Aff. ¶ 15 & Ex. 7. The Hybrid Notice includes the following disclosures:

> The mortgage on your property is in default as a result of your failure to make payments as required by the Note and Deed of Trust or Mortgage (Security Instrument).
>
> \* \* \*
>
> You must pay the past due amount of $25,327.06 on or before August 29, 2024, which is 90 days from the date of this notice. \*\*\* Possible Consequences of Default If we do not receive the past due amount by the date listed in the notice, or some loss mitigation alternative to foreclosure has not started, SPS may initiate foreclosure and require the immediate payment in full of the entire outstanding unpaid amount on the account. In other

4

> words, failure to cure the default on or before August 29, 2024 may result in acceleration of sums secured by the Security Instrument and sale of the Property.
>
> ***
>
> Possible Consequences of Default
> If we do not receive the past due amount by the date listed in the notice, or some loss mitigation alternative to foreclosure has not started, SPS may initiate foreclosure and require the immediate payment in full of the entire outstanding unpaid amount on the account. In other words, failure to cure the default on or before August 29, 2024 may result in acceleration of sums secured by the Security Instrument and sale of the Property.
>
> ***
>
> Your Rights
> You have the right to reinstate after acceleration of your loan. If you reinstate, the Security Instrument shall remain fully effective as if no acceleration had occurred. You have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale.
>
> ***
>
> The account's Security Instrument may contain information related to your right to reinstate the account. Please note that if the Security Instrument contains limitations with respect to when you can reinstate the account prior to a foreclosure sale, SPS is waiving those limitations and the provisions related to reinstatement contained in the Right to Cure Your Mortgage Default will control and SPS will allow reinstatement any time before the foreclosure sale, notwithstanding any such limitations in the Security Instrument.

SPS Aff. ¶ 15 & Ex. 7.  The Loan remained due and owing from the April 1, 2024 payment and all subsequently owed payments.

DISCUSSION

Summary judgment is appropriate when, based upon the pleadings, affidavits, and depositions, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To succeed, the moving party must show that there is an absence of evidence to support the nonmoving party's position." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir. 1990). "'[T]he mere existence of a scintilla of evidence' is insufficient to defeat a properly supported motion for summary judgment." *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 18 (1st Cir. 2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The Weeresinghes claim that the Hybrid Notice is defective because it discloses "90 days" to cure default but provides a cure date that is 93 days from the date of the Hybrid Notice. This claim fails because the Hybrid Notice unequivocally discloses the Borrowers' right to cure default "not less than 30 days" from the date of the Hybrid Notice, in strict compliance with paragraph 22 of the Mortgage.

The Weeresinghes also assert that the Hybrid Notice's disclosure that they may reinstate "any time before the foreclosure takes place," rather than "five days before sale," is potentially misleading and deceptive where

Borrowers are not eligible for the more generous reinstatement period under Mass. Gen. Laws ch. 244, § 35A following their second default in less than five years. This claim runs contrary to Massachusetts Supreme Judicial Court precedent, which holds that "the language of the mortgage itself gives notice to the [borrowers] that the five-day limitation of paragraph 19 could be extended by [] the discretion of the mortgagee." *Thompson v. JPMorgan Chase Bank, N.A.*, 486 Mass. 286, 293-294 (2020).

## ORDER

For these reasons, the motion for summary judgment is ALLOWED. The Clerk may enter judgment in favor of defendants and close this case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE